The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. Inyemar Emanuel Suazo, Appeal No. 20-1982. Attorney McCall, please introduce yourself for the record and proceed with your argument. Good morning, may it please the Court, my name is Ed McCall. It's my pleasure this morning to represent Inyemar Suazo, the appellant, in this matter. Judge Howard, with your permission, I would respectfully ask to reserve two minutes for rebuttal after the government's presentation. Thank you, Your Honor. I'm going to represent Mr. Suazo. I've represented him now for a couple of years. He's an extraordinary young man. He has no criminal record. He's the father of, I think his son is now six, and he's been detained for almost 32 months now on a series of charges that we contend are a single crime, and he's moved to dismiss the second charge on the basis that the charge brought in the District of New Hampshire violates Mr. Suazo's double jeopardy rights, him having been charged with the same crime in the District of Maine, which was dismissed over his objection on the day before trial. Counsel, jeopardy never attached in the earlier Maine case, is that correct? It's not correct, Your Honor, although the court, of course, has gotten directly to the crux of the appellate issue. The jury was not sworn, that's my understanding. No, that's correct. The jury was not sworn. The jury was selected in December of 2019. But they weren't sworn. It doesn't matter when they were selected. That jury was not sworn. The contention is that jeopardy attaches, and we recognize that this is a modification or extension of established law, jeopardy attaches whereas here the defendant is detained and the indictment is dismissed over his objection in bad faith immediately before trial. Well, you've just added something. Where do we intuit that the indictment was dismissed in bad faith? You made that claim in an attempt to appeal the dismissal of the prior case, and that appeal was itself dismissed. Isn't that correct? The court is, of course, correct, Your Honor, and the conclusion that the first dismissal in bad faith appears in the record and presents primarily a legal issue, which is when can that be established by an evidentiary hearing? Mr. Suazo was not afforded that evidentiary hearing before the district court in Maine. He was not afforded that evidentiary hearing before the district court in New Hampshire, so he requested it both places. To preserve his right to that hearing, he appealed from the dismissal without prejudice to this honorable court, and the court decided that the issue was a live issue but premature for appeal. It's not premature for appeal now. We never decided that. Our judgment simply said that you had not shown the extraordinary circumstances that would be necessary to permit an appeal from a dismissal without prejudice. Agreed, Your Honor, but that leaves for later determination whether the district court made an error as a matter of law in dismissing without prejudice. But is that a claim of the First Circuit in that case? Excuse me, even if your theory has some validity, what you're suggesting, I think, is that there's been some prosecutorial misconduct here, and if there had, I don't understand how that is before us on an interlocutory appeal on a narrow abney basis. Prosecutorial misconduct, the denial of a prosecutorial misconduct claim would not be subject to interlocutory appeal. That's essentially what you're saying when you say the prosecution dismissed the prior case in bad faith. It's a related issue, Your Honor. We as here, in both cases, the defendant has been detained, lost all of his liberty for 30 months. He has been punished for crimes he did not commit. That combined with the bad faith dismissal, we respectfully submit, wants to give rise to jeopardy. Mr. McCall, you may be doing your the non-interlocutory appeal matter. Aren't you better off with us saying we have no jurisdiction rather than attempting to reach the merits on this record in the face of our prior decision, um, finding you had not provided an adequate basis to challenge the dismissal? Have you discussed this with your client? Well, Your Honor, of course, all of my communications with my client are confidential. No, no, no, no, no. You don't get away with that. Um, I am suggesting to you that the course of action you are taking here is a course of action that is extremely risky to your client. Um, I would like assurances, please, that he has made a voluntary choice for you to pursue this line of argument. Well, everything I've done, Your Honor, has been carefully discussed with my client. Okay, that will suffice. Informed decisions all along the way, Your Honor. But respectfully, Your Honor, I think what we've been is careful to preserve Mr. Suazo's rights. And returning to Judge Selye's excellent question, a fundamental issue here is whether Mr. Suazo was entitled to an evidentiary hearing with respect... No, no, counsel, excuse me, that is not the fundamental issue. The fundamental issue is no jeopardy attached. That resolves the due process issue. You say you want us to engage in a slight extension of the law. In fact, you are asking us to disregard well-established law, and we are not free to do that. Well, I certainly agree. I certainly agree with the, uh, with the court's observation that the court's required to follow Supreme Court precedent. I have not found any Supreme Court precedent or First Circuit precedent that holds directly that a dismissal in bad faith of a detained defendant does not involve jeopardy attaching. I recognize that it's a novel issue, but the government hasn't cited the case directly nor have I found one that solves that issue. And you have found absolutely no case that supports your position that would require us to deviate from existing law. I think it's an extension in the direction that hasn't been previously addressed by either this court or the Supreme Court. We think it's a logical extension of existing principles that a defendant detained under circumstances that require that detention to be credited towards his sentence should he be convicted in multiple cases dismissed with the first dismissed in bad case involved. I'm sorry, your argument has shifted, counsel. Your argument just shifted from a jeopardy argument to a sentencing argument. We have no sentencing issue in front of us. I agree, your honor, but a test of jeopardy attaching traditionally and in this case is whether the defendant has been punished. And this is Faso Fields and any observer on the street would agree 31 months of detention in the some circumstances. Aren't you better off reserving this argument until sentencing? Your honor, I don't think there's an argument in sentencing. Should he be convicted, he will get credit for all of his time in detention under one of the two subsections of the applicable statute. And in the prior appeal of the dismissal, the court required the government to take a position with respect to whether he received that credit. The government agreed that if he's convicted in under either count in New Hampshire, and we have no challenge to count one to that, that should go to trial. But if he's convicted under either count in New Hampshire, then he will receive credit for the punishment he's already served. We submit that that's a factor in extending the law to recognize that jeopardy has attached. Mr. McCall, let me ask you to take a pause while I ask the judges if they have additional questions on this issue or any other issue. No, no. All right, you've reserved some time and we'll hear from Mr. A-Frame. Good morning, Judge Howard, Seth A-Frame representing the United States. I think that what's happened here is Mr. McCall, when he speaks, keeps adding the bad faith piece into his argument, but that's a different claim. That's a claim of prosecutorial misconduct that if outrageous conduct could be shown in the district court in New Hampshire, he might have a remedy. The problem is that process doesn't permit an interlocutory appeal. That permits, if he lost that in the district court, that would permit an appeal after the case is resolved. What we have here is, as Judge Selya and Judge Lynch pointed out, is a narrow double jeopardy question. Is jeopardy attached? The answer, as Judge Selya has already pointed out, no, because the jury was not sworn. Judge Hornby in Maine granted a Rule 48a motion. I've cited the law in my brief that expressly contemplates when that is granted, dismissal without prejudice, jeopardy does not attach. The issues about Mr. McCall's complaints about the government's actions were discussed before Judge Hornby. He determined Rule 48a didn't prevent the dismissal without prejudice. He granted that. Appeal was taken. Appeal was dismissed. Now we're here. I don't think that precludes an argument before Judge Barbadaro in the district court about prosecutorial misconduct. If that's something Mr. McCall wants to pursue, I think Judge Barbadaro even invited that motion if Mr. McCall thinks that's appropriate. It doesn't affect the double jeopardy claim. And that's really all this appeal is about. And that's really all I have to say unless the court has questions about that. Just a minute. Okay. All right. Thank you, Mr. Aframe. Thank you, Judge Howard. Yes, counsel. Thank you, Ron. Briefly in response to the dismissal, being in good faith or not, is that Judge Hornby extended First Circuit law in a direction that the court has never addressed. And whether there's a presumption of good faith for a dismissal, we respectfully submit that we demonstrated that there was not good faith, at least sufficiently, to entitle Mr. Suazo to a hearing in two respects. First, the government asserted that it had lost multiple witnesses because of Mr. Suazo's conduct before trial, yet it never identified any but one possible witness, even though the issue was addressed many times before both district courts. Even when we suggested if they need to, they could file it in camera. They've never identified a second witness in camera. And then with respect to the meeting that in fact occurred between lead defendant Mejia and Mr. Suazo, we submitted a sworn affidavit that Mr. Mejia initiated that meeting. The government claimed that Mr. Mejia refused to testify, but they never explained how a witness who's been granted immunity and has a cooperation agreement could effectively refuse to testify. We believe the evidence would have shown that Mr. Mejia didn't want to testify because it was obvious that Mr. Suazo knew that Mejia was blaming Mr. Suazo for conduct by his relatives and that that would come out at trial, and therefore he backed away from the story he had told the government, which was false, and the government knew it was false, and that Mr. Suazo is entitled to an evidentiary hearing to explore those important issues. That's the key that he has never had that hearing, which he requested in both courts. I would be pleased to answer any additional questions the court may have. I thank you very much for your attention this morning. Thank you, counsel.